Traffic Violations — Court Appearances The provisions of 22 O.S. 209 [22-209] (1968), which provides for the issuance of citations to appear in court, are applicable to in-state as well as out-of-state motorists and may be invoked at the discretion of the arresting officer so as not to make the provisions of 22 O.S. 1114.8 [22-1114.8] (1968), mandatory, which provides for posting cash bail to Court Clerk, depositing guaranteed arrest bond certificate or driver's license with arresting office. The Attorney General has had under consideration your letter of January 21, 1969, in which you ask us in effect to interpret and construe certain provisions of O.S.L. 1968, ch. 185 (22 O.S. 1114.1 [22-1114.1] — 22 O.S. 1114.10 [22-1114.10] [22-1114.10] (1968)), vis-a-vis certain provisions of O.S.L. 1967, ch. 250 (22 O.S. 209 [22-209] (1968)). Said Chapter 185 (which became effective by its own terms on January 13, 1969) relates to procedures for the posting of bail, entering pleas, etc., in connection with traffic violation charges. Section 1 of said chapter (22 O.S. 1114.1 [22-1114.1] (1968)) provides in pertinent part: "One who is arrested for a state traffic violation or served a traffic ticket, for violating a state statute or state statutes, in addition to other provisions of law for posting bad, shall be admitted to bail upon compliance with one of the following procedures . . . ." (Emphasis added.) Of further relevance to your request is Section 8 of said chapter which in pertinent part provides: "If the defendant does not elect to deposit with the arresting officer a valid . . . driver's . . . license, post a cash bail, or guaranteed arrest bond as provided for in this Act, he shall at once be taken to the sheriff's office, or jail, of the county in which the violation is alleged to have occurred, and shall forthwith be taken before the nearest magistrate for arraignment." (Emphasis added.) You note in your letter that said Chapter 185 provides that only a resident of Oklahoma may deposit his driver's license as bail, and that no provision is made for an out-of-state resident to take advantage of this part of the law. You further note that the Department of Public Safety is interpreting Section 8, supra, as mandatory, with the result that an out-of-state resident who is unable to post "cash bail" or a "guaranteed arrest bond" (or pay a fine per other provisions of said Chapter) is taken to the sheriff's office and/or jail. You specifically inquire as to whether the provisions of Chapter 250, supra, may be applied as to not make the language of said Section 8 of Chapter 185, as quoted above, mandatory. Said Chapter 250 provides in pertinent part that: "A law enforcement officer who has arrested a person on a misdemeanor charge or violation of city ordinance, without a warrant, may issue a citation to such person to appear in court." (Emphasis added.) We take note that it was the obvious intent of the Legislature in enacting said Chapter 250 to leave to the discretion of the arresting officer the decision as to whether any alleged misdemeanant arrested without a warrant should be taken into actual custody (and thereby invoking provisions of law as to bail) or merely issued a citation to appear (and thereby not invoking) any provisions as to bail). We further note that said Chapter 250 was not explicitly repealed when the Legislature enacted said Chapter 185. Recognized rules for the interpretation and construction of statutes provide that later enacted provisions of law generally prevail over earlier enactments and specific provisions prevail over general provisions, but it also is a recognized rule that repeals by implication are not favored. It is further a cardinal rule that where possible any apparent conflicts should be resolved and effect should be given to all provisions of the statutes. The foregoing rules considered we are of the opinion that the pertinent provisions of the statutes concerned may be reconciled so as to give effect to all of the language quoted. That is to say, that we are of the opinion that the provisions of Chapter 250, supra, clearly leave to the discretion of the arresting officer the decision as to whether an alleged misdemeanant arrested without a warrant (a category into which virtually all traffic violators will fall) will be taken into actual custody or issued a citation to appear in court. We are of the opinion that the pertinent provisions of Chapter 185, supra, become operative only after the officer has decided not to issue a citation. These provisions of Chapter 185 then become operative to provide methods and procedures for the arrested traffic violator to release himself from the officer's actual custody. Such an interpretation in our opinion gives effect to all of the language of the statutes concerned. In summary and in answer to your letter then it is the opinion of the Attorney General that the provisions of O.S.L. 1967, ch. 250 (22 O.S. 209 [22-209] (1968)), are applicable and may be invoked at the discretion of the arresting officer so as not to make the provisions of Section 8 of O.S.L. 1968, ch. 185 (22 O.S. 1114.8 [22-1114.8] (1968)) mandatory. (Hugh H. Collum)